## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION

Michele Patrice Taylor,
Indigenous, Disabled
U.S. Veteran,
Plaintiff, Sui Juris,

v.

Richard E. Bassett, Esq.;
Jennifer Hooper, Esq.;
Alec Hayes, Esq.;
Nationstar Mortgage LLC
d/b/a Mr. Cooper; and
The Honorable Presiding Judge
of The Nassau County Foreclosure
Court (in official capacity),
Defendant(s).

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DUE PROCESS VIOLATIONS, FRAUD UPON THE COURT, ULTRA VIRES ACTS, WRIT OF QUO WARRANTO, EMERGENCY STAY OF UNLAWFUL FORECLOSURE PROCEEDING, AND TEMPORARY RESTRAINING ORDER

**COMES NOW, Michele Patrice Taylor,** an **Indigenous, Disabled United States Veteran** appearing in proper person, **sui juris, not a corporate U.S. citizen,** and respectfully files this **Verified Complaint** against the above-named parties. Plaintiff asserts that

1

the Defendants have engaged in unconstitutional, unlawful, and fraudulent conduct in violation of her civil, statutory, and property rights. The foreclosure case has been advanced unlawfully—without jurisdiction, without due process, and without compliance with federal law.

This Complaint is grounded in fact, law, and repeated procedural violations—not in conjecture or speculation. The State Court has proceeded in clear violation of federal protections, with disregard to multiple pending motions and a binding federal order issued on **April 21, 2025,** concerning attorney compliance.

This action is brought under emergency necessity, as state proceedings continue without jurisdiction, without recognition of federal authority, and without regard for Plaintiff's constitutional rights.

## I.    PRELIMINARY STATEMENT

Plaintiff **Michele Patrice Taylor** appears **sui juris** and not as a **corporate U.S. citizen**. She brings this action to obtain **federal intervention** in a foreclosure case **tainted by constitutional violations, fraudulent conduct, unauthorized legal representation, unjust enrichment, and systemic procedural failures** that have deprived her of both substantive and **procedural due process** under the **United States Constitution** and applicable **federal law.**

Plaintiff seeks **declaratory relief,** a **writ of ultra vires, a writ of quo warranto,** and **injunctive relief** against **judicial** and **attorney actors** who have operated outside the scope of lawful authority under **color of state law.**

Despite being granted the opportunity to self-correct, the State Court proceeded in disregard of a binding federal order, pending motions, and constitutional violations. Rather than dismissing the case or reviewing the filings in good faith, the court escalated its actions—causing greater harm, ignoring statutory protections, and forcing Plaintiff to now seek full federal relief and intervention.

## II.    JURISDICTION AND VENUE

**1.** Plaintiff, **Michele Patrice Taylor,** is an **Indigenous, Disabled United States Veteran** residing in **Yulee, Nassau County, Florida.** She appears **sui juris** and reserves all rights.

**2.** Plaintiff, **Michele Patrice Taylor,** is an Indigenous, **Disabled United States Veteran** residing in **Yulee, Nassau County, Florida.** She appears **sui juris,** without legal counsel, and retains all rights and remedies as a natural person and self-represented litigant. She reserves all rights.

**3.** This Court has subject matter jurisdiction under **28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights),** and **28 U.S.C. § 2201** (declaratory judgment), as well as under **42 U.S.C. §§ 1983, 1985,** and **1986** for violations of **civil** and **constitutional rights** under **color of law.**

**4.** Venue is proper in this District pursuant to **28 U.S.C. § 1391(b),** as the events and omissions giving rise to these claims occurred in **Nassau County, Florida,** within the jurisdiction of this Court.

## III.  PARTIES

**5.** Plaintiff, **Michele Patrice Taylor,** appears **sui juris,** is an **Indigenous, Disabled United States Veteran,** and resides in **Yulee, Nassau County, Florida.**

**6.** Defendant, **Nationstar Mortgage LLC d/b/a Mr. Cooper,** is a mortgage servicing company and the named plaintiff in the underlying foreclosure action.

**7.** Defendants **Richard E. Bassett, Jennifer Hooper (LOGS Legal Group),** and **Alec Hayes (Troutman Pepper)** have acted in both individual and official capacities under **color of law**, without compliance with **federal licensing, registration,** or **oath** requirements.

**8.** Plaintiff has filed multiple motions requesting that these attorneys and their **law firms** produce their **valid licenses, FARA registrations, and Oaths of Office**. To date, none have complied. Notably, the **United States District Court** raised non-compliance concerns regarding **Richard Bassett** on or about **April 21, 2025,** and he has continued to act in a legal capacity without remedy or oversight.

## IV.    STATEMENT OF FACTS AND CONSTITUTIONAL VIOLATIONS

• The underlying foreclosure action dates back to **2019** and was initiated and pursued without a **valid assignment, contract,** or **original promissory note**. No **wet-ink note** has ever been produced.

• Plaintiff has continuously challenged jurisdiction, standing, and the validity of the alleged debt. Despite these challenges, no lawful contract bearing two party signatures or chain of assignment has been produced.

• Defendants have acted simultaneously as litigation counsel and third-party debt collectors in violation of **15 U.S.C. §§ 1692e(4), 1692f(6), and 18 U.S.C. § 1346** (honest services fraud).

• Plaintiff filed for **Chapter 13 Bankruptcy** in **2023** in an effort to protect her property and pause unlawful foreclosure proceedings. The bankruptcy case was dismissed on or about **October 9, 2023.**

• Less than one month later, on or about **November 7, 2023,** Defendants filed for a default judgment using a stale **2019 service of process** — a clear violation of Plaintiff's due process rights and the rules of civil procedure.

• **On November 9, 2023,** Defendants followed up by sending an ex parte email to the judge and filing an additional request for default, after which the default judgment was **granted that same day,** without notice or a hearing.

• At no point during this period was Plaintiff afforded the opportunity to respond, appear, or challenge the motion, nor was she served with proper notice under law. The judgment was entered based on **expired and ineffective service,** post-bankruptcy dismissal, and without jurisdiction.

• Following entry of default, the case was administratively **re-opened,** again without valid legal basis or standing, and proceedings resumed despite multiple jurisdictional defects and unresolved motions.

• Despite Plaintiff's objections in court, the judge permitted attorney **Richard Bassett**—who remains noncompliant with federal licensing, **FARA requirements,** and has never submitted an **Oath of Office**—to submit and rely upon a **blank promissory note** as evidence. This document was accepted into the record and cited in rulings, despite its lack of legal validity.

• The court's continued acceptance of filings and arguments from an unauthorized individual, after repeated objections and notice of noncompliance, constitutes a judicial **conflict of interest** and a denial of Plaintiff's right to a fair and impartial forum.

• Defendants seized escrow funds totaling approximately **$7,000.00** without lawful court order, creating an additional financial hardship and deprivation of property without compensation.

• Plaintiff filed a motion for **Unjust Enrichment,** which remains unaddressed by the court, with no hearing set, no order entered, and no opposition filed.

• Plaintiff filed a lawful **Durable Power of Attorney (DPOA)** and a motion to update party designations, as her ex-husband was no longer legally involved in the property. Plaintiff submitted a copy of her Divorce Decree and requested his removal from the case. Despite this, Defendants removed him from the record, then later re-added him without hearing or lawful process.

• Additionally, attorney **Richard Bassett** re-filed Plaintiff's DPOA as though it were submitted by his office, without authorization, which constitutes misrepresentation and unauthorized use of a legal instrument.

• Plaintiff also filed a motion identifying conflict of interest among opposing counsel, including their simultaneous roles as debt collectors and litigation counsel. No action was taken by the court to investigate or resolve the issue.

• Plaintiff has filed motions and submitted the federal order dated **April 21, 2025,** yet the court continues to allow **Mr. Bassett** to litigate without compliance or judicial scrutiny, in direct conflict with federal oversight.

• Plaintiff filed a countersuit and paid the required filing fee of **$400.00.** The hearing for the counterclaim was scheduled shortly after Plaintiff suffered a serious spinal fracture.

7

• Plaintiff promptly filed a **Motion to Continue** the hearing and advised the court of the medical emergency, including the fact that she was under active treatment and could not physically appear.

Plaintiff promptly filed a **Motion to Continue** the hearing and advised the court of a documented medical emergency, including that she was under active treatment following a spinal fracture and was physically unable to participate in the Zoom hearing. At the time, Plaintiff was on prescribed narcotic medication, unable to sit upright or remain conscious for extended periods and inability to safely or meaningfully participate.

• The court denied the continuance request and effectively required Plaintiff to "prove" her spinal injury. This standard of proof was far more stringent than what is routinely applied to other litigants who request continuances for lesser reasons such as transportation issues or illness.

• Plaintiff contacted the Clerk's Office, who informed her she would need to email medical documents. Plaintiff complied and submitted full documentation of her condition and treatment. While the documents were filed to the docket, no further action was taken, and the counterclaim was not rescheduled or adjudicated.

• This sequence of events reflects unequal treatment, disregard for disability-related accommodations, and a further denial of Plaintiff's due process rights.

• Plaintiff is a **100% service-connected Disabled Veteran** and cited the applicable **VA directive** in her motion to pause the foreclosure proceeding. This federal directive requires courts to halt foreclosure actions involving veterans with total service-connected disability status.

• Despite this, the state court proceeded with scheduling and adjudicating the foreclosure case without acknowledging the directive, without pausing the case, and without considering Plaintiff's protected federal status.

• This disregard of federally mandated protections constitutes a violation of the **Supremacy Clause (Article VI, Section 2)** and further supports Plaintiff's claim that the state court operated beyond its jurisdiction and contrary to federal law.

• Plaintiff requested a forensic audit at her own expense and preserved this right in her filings, including motions that detailed inconsistencies in loan ownership, CUSIP registration, and securitization. The audit would have revealed critical information regarding who actually holds the note, how the debt was packaged and sold, and whether Defendants had any legal standing to enforce it.

• The court has refused to acknowledge or rule on the request. This denial, coupled with the court's silence on the more than 50 unanswered Requests for Admissions, created the conditions for Defendants to press forward in haste to close the case—despite

glaring issues of material fact, lack of jurisdiction, and constitutional violations.

• The combination of the forensic audit request and the unrebutted admissions posed a significant threat to Defendants' ability to continue the foreclosure. The court's failure to address these filings suggests a coordinated effort to expedite judgment before the evidence could be judicially reviewed.

• On or about **April 21, 2025,** the **Federal Court** issued an order identifying compliance concerns under **FARA** involving attorney Richard Bassett's failure to comply with licensing and oath requirements. This federal intervention has been disregarded by the state court.

• Plaintiff filed formal Requests for Admissions — over 50 in total — which were never answered. Under **Rule 36,** these admissions are now deemed admitted. They include admissions of lack of standing, fraudulent assignment, improper notice, and invalid debt collection.

• Plaintiff has submitted multiple motions to disqualify the attorneys and the judge for conflict of interest, improper filings, and unlawful representation. All remain pending or unruled.

• Plaintiff filed a motion related to **securitization and CUSIP bond tracking,** highlighting improper sale of her mortgage into secondary markets without disclosure. This motion has been ignored.

• Plaintiff has preserved **federal protection** rights under **7 CFR § 3555.108(a) and (c), TILA, RESPA,** and the **Administrative**

**Procedure Act**, none of which have been acknowledged or applied in the foreclosure proceedings.

• On **May 27, 2025,** Plaintiff filed a motion to remand or transfer the case to federal court. It was denied the following day, on **May 28, 2025,** without substantive review of the jurisdictional defects raised.

• Plaintiff filed a **Motion** to address the **unlawful default judgment,** including a proposed order, which the Clerk refused to docket electronically. The Clerk instead instructed Plaintiff to submit the proposed order by mail, hand delivery, or email. No judicial email was provided, and due to Plaintiff's physical limitations and access barriers, she sent the order via FedEx. Despite these efforts and compliance with clerk instructions, the judge failed to rule on the motion or proposed order.

• However, a later motion filed by Plaintiff—containing damaging **Requests for Admissions**—was silently marked as abandoned, despite being timely and properly submitted. No hearing was scheduled, and no explanation was provided.

Among the admissions deemed admitted are statements acknowledging that banks cannot legally own property, and that under **Article I, Section 10 of the U.S. Constitution,** lawful money consists only of gold and silver. These admissions further call into question the validity of the debt, the enforceability of the

11

contract, and the legal capacity of the foreclosing party to assert ownership or collect payment.

• Following the **federal court's April 21, 2025 order** identifying **Richard Bassett's noncompliance** with **licensing and registration requirements, Mr. Bassett** nevertheless proceeded to reopen the state foreclosure case. Despite taking this action, he did not list his name or the names of any other attorneys in the state e-filing system (ePortal), effectively blocking Plaintiff from serving motions electronically.

• Plaintiff was later penalized for failing to serve opposing counsel through the portal—despite the fact that opposing counsel had not made themselves available for service, either intentionally or through administrative manipulation.

• This created a prejudicial situation in which Plaintiff was held to a standard of compliance that Defendants were actively avoiding. The court permitted this imbalance to continue, **reinforcing procedural bias** and **denying Plaintiff a fair opportunity to litigate her claims.**

• This selective abandonment and unequal enforcement of filing protocol constitute clear **procedural bias** and a violation of Plaintiff's right to **due process** under the **Fourteenth Amendment.**

• On **July 3, 2025,** the state court entered an order setting a non-jury trial for **August 25, 2025,** despite **multiple unresolved** and **unruled motions.** The order fails to **reference active legal counsel**

or **named attorneys** and refers to **unknown parties,** creating
further **due process** concerns.

• Plaintiff received formal notice from Defendant **Nationstar
Mortgage LLC d/b/a Mr. Cooper** that it was subject to a data
breach**,** affecting thousands of borrowers, including Plaintiff. This
data integrity failure raises material questions about the accuracy
and security of Plaintiff's financial and loan records.

• Plaintiff asserts that before any foreclosure may proceed on a
**federally-backed mortgage**, the **Secretary of the Treasury** and
**Comptroller of the Currency** must be **notified and their
presence recorded as required for administrative oversight and
jurisdiction under federal law.**

Taken together, these facts present a clear and compelling pattern
of unlawful judicial conduct, systemic due process violations, and
procedural obstruction that warrant immediate federal intervention
and declaratory relief.

Although state courts typically possess subject matter jurisdiction
over foreclosure proceedings, Plaintiff contends that such
jurisdiction was forfeited or exceeded in this matter when the court
proceeded in direct violation of federal protections, ignored a
binding federal order issued on April 21, 2025, and permitted
unlicensed attorneys to litigate without producing proof of
authority.

Once federal rights are implicated — including rights under the **Constitution, FARA, VA directives, TILA, FOIA**, and the **Administrative Procedure Act** — jurisdiction becomes conditional and must yield to federal review. The continued adjudication of Plaintiff's foreclosure, despite the absence of standing, due process, and federal compliance, renders the proceedings **void or voidable** and warrants immediate **federal intervention.**

## V.    CLAIMS AND WRITS REQUESTED

### COUNT I: ULTRA VIRES ACTS UNDER COLOR OF LAW (Unauthorized Practice of Law and Judicial Overreach)

**1.** Plaintiff asserts that **Richard E. Bassett, Esq.,** and the presiding **state court judge** acted beyond the scope of their lawful authority and in excess of their jurisdiction. The foreclosure proceedings advanced despite multiple unresolved motions, a lack of a valid, dual-signed mortgage contract, and no verified standing on the part of the foreclosing party.

**2.** Plaintiff further alleges that attorney **Richard Bassett** has continued to litigate without producing evidence of compliance with federal licensing requirements, **FARA registration,** or a **valid Oath of Office,** in violation of **federal mandates** and **Florida law.**

**3.** The **presiding judge,** having been notified of these deficiencies, permitted these filings and arguments to continue, thereby exercising authority outside the constitutional bounds of due process and judicial integrity. Such conduct constitutes **ultra vires**

acts committed under **color of law,** in violation of Plaintiff's federal and constitutional rights.

## COUNT II – WRIT OF QUO WARRANTO
## (Demand for Proof of Lawful Authority)

**1.** Plaintiff respectfully petitions this Court to issue a **Writ of Quo Warranto** requiring the named Defendants and judicial officers to demonstrate by what lawful authority they continue to act in this matter.

**2.** Specifically, Plaintiff demands proof of valid **Oaths of Office, attorney licensure,** and registration under the **Foreign Agents Registration Act (FARA),** as well as evidence of **lawful jurisdiction** to initiate or preside over the foreclosure proceedings.

**3.** Despite repeated filings and requests for compliance, none of the attorneys have produced the required documentation. The presiding judge has likewise failed to enforce those requirements and continues to preside over a case where constitutional and statutory authority are in dispute.

**4.** Plaintiff asserts that no party may exercise powers of representation, judicial discretion, or debt enforcement without first proving lawful authority to do so. This Court must compel such proof under **federal law** and the **Constitution of the United States.**

## COUNT III: VIOLATION OF DUE PROCESS (Fifth and Fourteenth Amendments)

**1.** Plaintiff asserts that the state court violated her constitutional right to **due process** under the **Fifth** and **Fourteenth Amendments** to the **United States Constitution.**

**2.** The **Fifth Amendment** guarantees that no person shall be deprived of life, liberty, or property without due process of law. The **Fourteenth Amendment** extends this guarantee to state actors and prohibits them from denying any person equal protection of the laws.

**3.** In this case, Plaintiff was never lawfully served in the foreclosure proceeding. A default judgment was entered against her based on stale **2019 service,** without valid notice, hearing, or opportunity to respond. Plaintiff was also denied access to the court when she attempted to submit filings through the electronic portal but could not list opposing counsel — whose names had been deliberately omitted.

**4.** Despite Plaintiff's requests for continuance due to a spinal injury, supported by medical records, the court proceeded without accommodation. Additionally, the court refused to address critical filings — including a forensic audit request, over 50 unanswered and now-admitted Requests for Admissions, and multiple pending motions — all of which predated the trial order.

**5.** These actions constitute a complete failure to provide Plaintiff with a fair hearing, meaningful opportunity to be heard, and

protection under the law. They represent a systemic denial of due process that warrants declaratory relief and federal oversight.

## COUNT IV – FRAUD UPON THE COURT

**1.** Plaintiff asserts that the default judgment entered in **November 2023** was procured through fraud upon the court. **Federal law** defines such fraud as conduct that involves officers of the court engaging in deception, concealment, or misrepresentation that corrupts the judicial process and undermines the integrity of the proceeding.

**2.** In this case, Defendants knowingly concealed the fact that they lacked standing to foreclose. Plaintiff was never lawfully served and therefore deprived of the opportunity to appear and defend the action. Despite this, Defendants moved for default judgment using stale **2019** service and misrepresented their authority to proceed.

**3.** Additionally, Defendants failed to disclose that Plaintiff's alleged mortgage was securitized, sold, and assigned into investment vehicles, with corresponding CUSIP data. The court was never informed of the loan's securitization path, nor was this material information provided to Plaintiff or presented on the record.

**4.** By misrepresenting their legal status, concealing key financial facts, and exploiting improper service, Defendants manipulated the court into entering a judgment based on fraud, not fact. This constitutes fraud upon the court and warrants immediate review, reversal, and remedial action.

17

**5.** The default judgment entered in **November 2023** was obtained through fraud, concealment of lack of standing, and misrepresentation of their status. Defendant was never lawfully served. Lack of a valid mortgage contract. Defendants failed to disclose and concealed the securitization and CUSIP data related to Plaintiff's alleged loan.

## COUNT V – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) (15 U.S.C. § 1692e(4), § 1692f(6))

**1.** Plaintiff asserts that Defendants, including attorneys **Richard E. Bassett, Jennifer Hooper,** and **Alec Hayes,** violated the **Fair Debt Collection Practices Act (FDCPA)** by acting as third-party debt collectors while simultaneously engaging in foreclosure litigation, without proper authority or standing.

**2.** Pursuant to **15 U.S.C. § 1692e(4),** it is unlawful to represent that nonpayment of a debt will result in the loss of property where such action is not lawful or intended. Under **§ 1692f(6),** it is further unlawful to threaten dispossession of property without a present right to do so.

**3.** Defendants falsely claimed legal authority to enforce the alleged mortgage, threatened seizure of Plaintiff's property, and submitted filings asserting ownership and enforcement rights without proving possession of the note, lawful assignment, or verified debt.

**4.** These actions were deceptive, misleading, and in violation of the **FDCPA's** prohibitions against false representations, unfair practices, and unauthorized enforcement activity.

**5.** Plaintiff seeks declaratory relief, finding that the Defendants' conduct violated federal consumer protection statutes and contributed to the unlawful foreclosure process.

## COUNT VI – VIOLATION OF 18 U.S.C. § 1346
## (Honest Services Fraud)

**1.** Plaintiff asserts that Defendants, including attorneys Richard E. Bassett, Jennifer Hooper, Alec Hayes, and the presiding state court judge, engaged in conduct constituting honest services fraud in violation of **18 U.S.C. § 1346.**

**2.** Under this statute, the term "scheme or artifice to defraud" includes a scheme to deprive another of the intangible right of honest services — particularly where public officials or attorneys abuse their positions of trust and act in their own interest, rather than in accordance with legal and ethical obligations.

**3.** Here, Defendants knowingly used improper service, submitted fraudulent documents including a blank promissory note, concealed material information such as CUSIP tracking and securitization, and continued litigation without proper licensing or FARA compliance.

**4.** The presiding judge enabled this conduct by ignoring federal filings, failing to rule on pending motions, accepting legally deficient documents, and allowing unlicensed attorneys to operate without scrutiny. This pattern of collusion, concealment, and intentional obstruction deprived Plaintiff of fair and honest judicial proceedings.

**5.** These acts constitute a deprivation of honest legal and judicial services under color of law, in violation of Plaintiff's rights and federal criminal statutes.

## COUNT VII – VIOLATION OF ADMINISTRATIVE PROCEDURE
## (Failure to Establish Jurisdiction and Procedural Compliance)

**1.** Plaintiff asserts that the foreclosure proceedings violated fundamental requirements of administrative procedure and failed to establish lawful jurisdiction on the record.

**2.** Under the **Administrative Procedure Act (5 U.S.C. § 500 et seq.),** and federal agency standards including **7 CFR § 3555.108(a)** and (c), all administrative enforcement actions must be supported by valid documentation, clear jurisdictional authority, signed and enforceable contracts, and full disclosure of material facts. These requirements are further supported by **FOIA** principles and the need for public accountability in quasi-judicial actions.

**3.** In this case, no valid promissory note, chain of assignment, or dual-party contract was ever produced. There is no record that the foreclosure was validated by any administrative agency or subject to

lawful oversight by a regulatory body. No agency determination, hearing, or process was established to confirm jurisdiction.

**4.** Defendants failed to produce any federal or state documentation authorizing foreclosure enforcement. The proceedings were conducted without transparency, without jurisdictional findings, and without compliance with administrative law or constitutional protections.

**5.** As a result, the foreclosure constitutes an unlawful administrative seizure of property without valid process, and Plaintiff seeks declaratory relief to void these proceedings and enforce federal protections.

## COUNT VIII – CONSTITUTIONAL VIOLATIONS
## (Article I, Section 10; Article VI, Section 2; Article II, Section 1; 7 CFR § 3555.108)

**1.** Plaintiff asserts that Defendants and the state court have acted in violation of multiple provisions of the **United States Constitution** and **related federal regulatory standards**.

• **Article I, Section 10**—prohibits states from impairing the obligation of contracts. In this case, Defendants sought to enforce a foreclosure where no valid, signed, and enforceable contract exists. The mortgage was not supported by a lawful agreement bearing two-party signatures, rendering the attempted enforcement unconstitutional.

• **Article VI, Section 2 (Supremacy Clause)** – declares that federal law is the supreme law of the land. State foreclosure practices may not override protections guaranteed under **federal law,** including **FARA,** the **VA directive, TILA, RESPA, FOIA,** and the Administrative Procedure Act. By proceeding in contradiction to these protections, the state court exceeded its authority.

• **Article II, Section 1**—vests executive authority in federal officers over matters involving federal financial instruments and federally-backed mortgages. Plaintiff asserts that no foreclosure on a federally-backed mortgage may occur without compliance from or oversight by the **Secretary of the Treasury** and the **Comptroller of the Currency**, as agents of federal contract enforcement.

• **7 CFR § 3555.108(a) and (c)**— further establishes that enforcement of federally-backed mortgages requires valid, fully executed contracts signed by both parties. No such contract has been produced in this case, and no administrative review or oversight has occurred to validate the enforcement.

**2.** As such, Defendants' actions and the resulting state court proceedings violate Plaintiff's constitutional rights and federal protections. Plaintiff seeks declaratory relief voiding the foreclosure and affirming the primacy of federal constitutional safeguards over unlawful state action.

## COUNT IX – VIOLATION OF 18 U.S.C. § 894
## (Extortionate Collection of Debt)

**1.** Plaintiff asserts that Defendants engaged in collection practices that violate **18 U.S.C. § 894,** which prohibits extortionate means to collect or attempt to collect any extension of credit or alleged debt.

**2.** Defendants, including attorneys **Richard E. Bassett, Jennifer** Hooper, and Alec Hayes, acted under color of law while threatening seizure of Plaintiff's home without proper standing, without a valid contract, without verified ownership of the alleged debt, and without proper licensing or compliance with federal law.

**3.** Despite being notified of their noncompliance and subject to a federal court order issued on **April 21, 2025** concerning **FARA** registration and licensing requirements, Defendants continued to file motions, issue demands, and seek foreclosure against Plaintiff's property.

**4.** The state court, acting on these unlawful threats and filings, scheduled a non-jury trial and advanced the foreclosure case — even as federal protections, administrative filings, and jurisdictional challenges remained unresolved. These coordinated actions constituted extortionate tactics designed to intimidate Plaintiff into surrendering her home without due process or lawful authority.

**5.** Plaintiff seeks declaratory and injunctive relief, as well as referral for investigation into violations of **18 U.S.C. § 894.**

**COUNT X – VIOLATIONS OF RESPA, TILA, AND CUSIP DISCLOSURE  (12 U.S.C. § 2601 et seq.; 15 U.S.C. § 1601 et seq.)**

**1.** Plaintiff asserts that Defendants have violated the **Real Estate Settlement Procedures Act (RESPA)** and the **Truth in Lending Act (TILA),** as well as failed to make material disclosures regarding the securitization and investment classification of Plaintiff's mortgage through CUSIP registration.

**2.** Under **RESPA (12 U.S.C. § 2605),** loan servicers are required to provide timely and accurate disclosures regarding servicing transfers, mortgage ownership, and related settlement procedures. **Under TILA (15 U.S.C. § 1631 and § 1641**), lenders and servicers must disclose the true creditor and provide borrowers with a clear understanding of the nature, terms, and assignments of their loan.

**3.** In this case, Defendants failed to disclose that Plaintiff's mortgage was securitized and assigned into one or more investment vehicles, and that the loan was subject to **CUSIP registration** and secondary market sale. Plaintiff was never provided with information concerning the true holder of the note, nor with any meaningful disclosures about ownership transfers or rights of enforcement under **RESPA** and **TILA.**

**4.** As a result, Plaintiff has been deprived of her statutory right to understand who owns the loan, who has the right to enforce it, and whether her mortgage was lawfully collectible. This lack of

transparency has materially contributed to the unlawful foreclosure and denial of due process.

**5.** Plaintiff seeks declaratory relief for violations of federal disclosure requirements and a full accounting of the mortgage's securitization history, including **CUSIP registration** and **beneficial ownership.**

## COUNT XI – DECLARATORY RELIEF UNDER ADMINISTRATIVE PROCEDURE ACT AND 7 CFR § 3555.108(a), (c) – VALID CONTRACT STANDARDS

**1.** Plaintiff seeks declaratory relief under the **Administrative Procedure Act (5 U.S.C. § 500 et seq.)** and **7 CFR § 3555.108(a) and (c),** which establish standards for enforcement of federally-backed mortgage instruments.

**2.** Under these provisions, any action to enforce or foreclose upon a federally-backed mortgage requires a valid, signed contract between the parties, proper jurisdictional authority, and documentation of regulatory compliance. A mortgage contract must be signed by both parties, disclosed in full, and supported by jurisdictional findings by an overseeing administrative body.

**3.** In this case, no valid, dual-party executed contract has ever been submitted into the record. Defendants have produced no admissible note bearing Plaintiff's signature and no lawful chain of title. The foreclosure was advanced without administrative oversight, and no finding of jurisdiction was made or presented by any agency or court.

**4.** Furthermore, Plaintiff served over 50 Requests for Admissions, which included material admissions that:

**(a)** no valid, signed mortgage contract exists between the parties,

**(b)** banks cannot legally own property,

**(c)** legal tender must consist of gold or silver under **Article I, Section 10,**

**(d)** Defendants are not the true holders in due course of the alleged note, and

**(e)** the alleged mortgage was securitized, sold into investment vehicles, and assigned a CUSIP number without Plaintiff's knowledge or consent.

**5.** These admissions were never answered and are therefore deemed admitted under **Rule 36,** further confirming the lack of a valid, enforceable obligation or jurisdiction.

**6.** Plaintiff respectfully requests declaratory relief voiding the foreclosure proceeding and confirming that enforcement actions taken without a valid contract or administrative authority are null and unenforceable under federal law.

## COUNT XII – CIVIL RIGHTS VIOLATIONS (42 U.S.C. §§ 1983, 1985, and 1986 – Deprivation of Rights and Neglect to Prevent)

**1.** Plaintiff asserts that Defendants, including **officers of the court** and **judicial actors,** acted under color of **state law** to deprive her of rights secured by the **Constitution and federal statutes,** in violation of **42 U.S.C. § 1983.**

**2.** Defendants' actions—including the **unlawful default judgment,** refusal to accept or rule on motions, submission of a **blank promissory note,** failure to produce licensing or **FARA registration,** and continued foreclosure without standing— constitute a pattern of conduct that violated Plaintiff's rights to **due process, equal protection**, and fair access to the courts.

**3.** Defendants acted with knowledge of these violations and participated in a coordinated effort to obstruct Plaintiff's legal remedies and foreclose on her property without jurisdiction. This conduct supports a claim under **42 U.S.C. § 1985** for conspiracy to interfere with Plaintiff's civil rights and to deprive her of the equal protection of the laws.

**4.** Furthermore, Defendants who were aware of these violations— specifically the presiding judge and attorneys—took no steps to prevent further harm or correct the unlawful proceedings. This deliberate inaction supports a claim under **42 U.S.C. § 1986** for neglect to prevent known constitutional violations once they had a duty to act.

**5.** Plaintiff brings this claim as a **100% service-connected Disabled Veteran**, an **Indigenous woman,** and a **self-represented litigant** facing systemic bias, unequal access to justice, and active obstruction by state court officers acting beyond their lawful capacity.

**6.** Courts have held that judicial immunity does not apply when judges act in the clear absence of all jurisdiction. See ***Pulliam v. Allen,*** 466 U.S. 522 (1984). Further, bias and prejudice shown by a judicial officer that deprives a litigant of a fair tribunal may rise to the level of constitutional violation. See ***Liteky v. United States,*** 510 U.S. 540 (1994).

**7.** Plaintiff seeks declaratory relief, injunctive relief, and such other remedies as this Court deems just and appropriate under **federal civil rights law.**

## VI.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court grant the following relief:

**1. Declare** that the foreclosure proceeding initiated in state court is void due to violations of Plaintiff's constitutional rights, lack of jurisdiction, fraud upon the court, and failure to comply with federal and administrative law.

**2. Issue** a **Writ of Ultra Vires** declaring that the presiding state court judge and attorneys acted beyond their lawful authority and outside the jurisdiction conferred by the **Constitution** and **federal law.**

**3. Issue** a **Writ of Quo Warranto** compelling all Defendants, including attorneys **Richard E. Bassett, Jennifer Hooper, Alec Hayes,** and the presiding **state court judge,** to produce proof of lawful authority to litigate or preside over the foreclosure matter, including valid **Oaths of Office, attorney licensure, judicial** commission, and registration under the **Foreign Agents Registration Act (FARA).**

**4. Dismiss** the foreclosure proceedings in their entirety with prejudice, due to the **absence of standing, improper service, lack of a valid mortgage contract,** and **violations** of Plaintiff's **civil** and **constitutional rights.**

**5. Remand** or **transfer** jurisdiction over all remaining foreclosure-related claims and filings to the **United States District Court** for consolidated federal review under **28 U.S.C. §§ 1331** and **1343.**

**6. Strike** all pleadings, motions, and judgments entered in the state foreclosure case unless and until Defendants demonstrate **full compliance with licensing, federal registration,** and **Oath of Office** requirements.

**7. Award** compensatory damages in the amount of **$5,000,000.00,** plus treble damages as permitted under **42 U.S.C. § 1983,** due to Defendants' coordinated violations of Plaintiff's rights under **color of law.**

**8. Order** the return of **escrow funds** unlawfully seized by Defendants in the approximate amount of **$7,000.00,** along with a full accounting of all financial transactions related to Plaintiff's mortgage and loan file.

**9. Order** full disclosure of the **securitization history** and **CUSIP registration** of Plaintiff's mortgage, including all transfers, beneficial ownership, and trust documentation.

**10. Order** declaratory relief confirming that no foreclosure may proceed against Plaintiff's **federally-backed mortgage** without the oversight or certification of the **Secretary of the Treasury** and the **Comptroller of the Currency.**

**11. Grant** a **Temporary Restraining Order** and/or **permanent injunctive relief** prohibiting further state foreclosure proceedings, including the non-jury trial currently scheduled for **August 25,**

**2025,** until this Court resolves the federal constitutional and jurisdictional issues raised herein.

**12. Refer** Defendants' conduct to the appropriate federal oversight and disciplinary agencies for investigation of violations under **18 U.S.C. §§ 894** and **1346, FARA, FOIA,** and other relevant **laws.**

**13. Award** Plaintiff any further relief this Court deems just, proper, and necessary to ensure justice and protect the **supremacy of federal law** and constitutional rights.

Plaintiff further invokes this Court's constitutional authority to review and correct violations of law. As the Supreme Court stated in **Marbury v. Madison\*, 5 U.S. 137 (1803),** "It is emphatically the province and duty of the judicial department to say what the law is." Where state court proceedings fail to uphold federal protections, this Court retains the power and duty to intervene.

**Respectfully submitted**
**Date:** July 6, 2025.

By: *Michele*

*/s/ Michele Patrice Taylor*
**Michele Patrice Taylor**
77317 Cobblestone Drive
Yulee, FL 32097
**Phone:** 904-536-6119
m69way@aol.com
Sui Juris, without representation,
all rights reserved.

## AFFIDAVIT OF TRUTH

Plaintiff intends to file a sworn **Affidavit of Truth** as a stand-alone document in the renewed federal action.

## NOTICE OF WRITS

Plaintiff reserves the right to file separate, standalone writs of **Ultra Vires** and **Quo Warranto** to emphasize the gravity and individual basis of each cause of action and to maximize federal review, should this Court determine separation is more appropriate for clarity and impact.

**Respectfully submitted,**
**Date:** July 6, 2025
**By:** _/s/ Michele Patrice Taylor_
Michele Patrice Taylor
77317 Cobblestone Drive
Yulee, Florida 32097
**Phone:** 904-536-6119
**Email:** m69way@aol.com

Sui Juris, without representation,
all rights reserved.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing **Verified Complaint, Prayer for Relief, and Affidavit of Truth** were served on the following parties by [U.S. Mail / Certified Mail / Email], and filed with the **United States District Court** for the **Middle District of Florida, Jacksonville Division**, on this **6ᵗʰ day** of **July, 2025:**

- **LOGS LEGAL GROUP, LLC**

Richard E. Bassett, Esq.

Jennifer Hooper, Esq.

750 Park of Commerce Blvd

Suite 130

Boca Raton, Florida 33487

**Emails: rbassett@LOGS.com**

**jhooper@LOGS.com**

Attorneys for Plaintiff–Nationstar
Mortgage LLC d/b/a Mr. Cooper

- **Troutman Pepper Hamilton Sanders LLP**

Alec Hayes, Esq.

600 Peachtree Street NE

Suite 3000

Atlanta, GA 30308

**alec.hayes@troutman.com**

Attorney for Plaintiff–Nationstar
Mortgage LLC d/b/a Mr. Cooper

**By:** _____

*/s/ Michele Patrice Taylor*

Michele Patrice Taylor

77317 Cobblestone Drive

Yulee, Florida 32097

**Phone:** 904-536-6119

**Email: m69way@aol.com**

Sui Juris, without
representation,
all rights reserved.

32